**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

HUNDEL GANTHIER,

Petitioner,

v. Action No. 2:26cv658

JEFFREY CRAWFORD,
Farmville Detention Center, et al.,

Respondents.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the *pro se* 28 U.S.C. § 2241 petition filed by petitioner Hundel Ganthier ("Ganthier"), a detainee of United States Immigration and Customs Enforcement ("ICE"), seeking release or a bond hearing. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 10. For all the reasons discussed below, the Court **RECOMMENDS** that the petition, ECF No. 1, be **GRANTED in part** and respondents provide Ganthier with an individualized, constitutionally compliant bond hearing before an Immigration Judge. To the extent that the petition seeks immediate release, the Court **RECOMMENDS** that the petition be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ganthier is a 47-year-old native of Haiti. ECF No. 7-1, at 2. On August 15, 1996, he was admitted to the United States as a "Lawful Permanent Resident, P23, as the Child of a Lawful Permanent Resident." *Id.*

On May 1, 2023, Ganthier was convicted in the Circuit Court for the City of Winchester, Virginia of selling a controlled substance in violation of Va. Code. Ann. § 18.2-248. *Id.* at 3; *Commonwealth v. Ganthier*, No. CR2200074900 (Va. Cir. Ct. May 1, 2023). Ganthier was sentenced on August 15, 2023 to five years incarceration, with four years suspended, to be followed by three years of probation. *Commonwealth v. Ganthier*, No. CR2200074900 (Va. Cir. Ct. Aug. 15, 2023).

On May 20, 2025, ICE encountered Ganthier near Winchester, Virginia and he was taken into civil immigration custody and issued a Notice to Appear ("NTA"). ECF No. 7-1, at 3; ECF No. 7-2. The NTA charged him with being removable due to his conviction relating to trafficking in controlled substances under section 237(a)(2)(A)(iii) and (a)(2)(B)(i) of the Immigration and Nationality Act (8 U.S.C. § 1227). ECF No. 7-2. At his master calendar hearing on June 5, 2025, Ganthier admitted to the allegations in the NTA and the Immigration Judge sustained the charges of removability. ECF No. 7-1, at 3.

Ganthier filed for asylum and withholding of removal on June 27, 2025, but this application was denied on October 8, 2025. *Id.* at 3–4. Ganthier appealed this decision on November 6, 2025 and the appeal remains pending. *Id.* at 4.

On June 26, 2026, Ganthier filed a section 2241 petition for a writ of habeas corpus. ECF No. 1. Respondents responded to the petition on July 6, 2026. ECF No. 7. Ganthier replied on September 8, 2026. ECF No. 12.

## II. LEGAL STANDARD

A federal court may grant habeas relief only on the ground that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)).

After receiving the petition and any response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

As a threshold matter, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Ganthier's detention. *See Suri v. Trump*, 184 F.4th 260, 284–98 (4th Cir. 2026); *Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

## III. ANALYSIS

***Ganthier is entitled to a bond hearing as his continued detention violates due process.***

Ganthier's petition alleges that he is detained under 8 U.S.C. § 1226(a), but he has been denied a bond hearing by the Immigration Judge because the court mistakenly believes he is in custody subject to section 1225(b). ECF No. 1, at 6. He explains that he was wrongfully convicted in Winchester in 2023 and that he is actively working to appeal that conviction. *Id.* at 7, 19–20. In his reply, Ganthier amends his argument, admitting he "used the wrong statutory label," and claims he is detained under section 1226. ECF No. 12, at 2, 5–6. Ganthier argues that if section "1226(a) governs, [he] is entitled to a bond hearing. If [r]espondent instead establishes that [section] 1226(c) governs, the Court must still address whether [his] exceptionally prolonged detention has become unconstitutional under the Fifth Amendment and the *Portillo* framework." *Id.* at 6. He seeks immediate release or a bond hearing and requests the Court order that, at any such hearing, respondents bear the burden of proof regarding detention and direct that certain information be taken into consideration. *Id.* at 6; ECF No. 1, at 8.

Respondents assert that Ganthier is detained pursuant to section 1226(c), not section 1225 or 1226(a), due to his 2023 conviction. ECF No. 7, at 2. Respondents explain that Ganthier has never requested a bond hearing and that even if he had, detention under 1226(c) without a bond hearing is permissible. *Id.*

Section 1225(a) of the Immigration and Nationality Act provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(1) applies to noncitizens who are placed into expedited removal proceedings and provides that they are to be removed "without further hearing or review" unless they "indicate[] either an intention to apply for asylum . . . or a fear of persecution," which triggers referral for an asylum interview. *Id.* § 1225(b)(1)(A)(i)–(ii).

Section 1226, in contrast, establishes "the default rule" for detaining and removing aliens "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1226, titled "[a]pprehension and detention of aliens," provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on . . . conditional parole." *Id.* § 1226(a)(1)–(2). Individuals subject to detention under section 1226(a) are entitled to a bond hearing.

However, under section 1226(c), "[t]he Attorney General shall take into custody any alien who is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title," which includes a conviction under any law or regulation relating to a controlled substance. *Id.* § 1226(c)(1)(B). This subsection implicates

mandatory detention for such aliens subject only to the narrow exception in subsection (c)(4). *Nielsen v. Preap*, 586 U.S. 392, 398–99 (2019). The exception provides that the alien may only be released if the Attorney General determines that

> release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding.

8 U.S.C. § 1226(c)(4). Detention under section 1226(c)(1) is not limited in length and "*must* continue 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings*, 583 U.S. at 303; *Demore v. Kim*, 538 U.S. 510, 526–30 (2003).

Ganthier's conviction for selling a controlled substance, which was noted in the NTA, ECF No. 7-2, subjects him to section 1226(c)'s detention provisions. In light of this information, Ganthier is not being held pursuant to either section 1225 or section 1226(a). Rather, he is being held under section 1226(c) due to his conviction and that detention is not *per se* limited in length.

Despite the apparent lack of limitation on the length of detention under section 1226(c), and recognizing that prolonged and indefinite detention under this section could eventually implicate due process concerns, this Court has consistently held that aliens detained under this subsection may be entitled to a bond hearing. *Martinez v. Hott*, 527 F. Supp. 3d 824, 835–37 (E.D. Va. 2021); *Portillo v. Hott*, 322 F. Supp. 3d 698, 702–09 (E.D. Va. 2018); *Sonko v. Bondi*, No. 2:24cv656, 2025 WL 1662749, at *2–3 (E.D. Va. June 12, 2025) (collecting cases); *Abreu v. Crawford*, No. 1:24cv1782, 2025 WL 51475, at *4–5 (E.D. Va. Jan. 8, 2025) (collecting cases). Whether an alien should receive a bond hearing is determined by the *Portillo* factors, which consider

> (1) the duration of detention, including the anticipated time to completion of the

> alien's removal proceedings; (2) whether the civil detention exceeds the criminal detention for the underlying offense; (3) dilatory tactics employed in bad faith by the parties or adjudicators; (4) procedural or substantive legal errors that significantly extend the duration of detention; and (5) the likelihood that the government will secure a final removal order.

*Portillo,* 322 F. Supp. 3d at 707. These factors weigh the alien's due process liberty interest against the "government's legitimate, nonpunitive interest in ensuring that he can be successfully deported." *Id.* at 708.

The first factor, which is the most important, *Portillo*, 322 F. Supp. 3d at 707, weighs in Ganthier's favor. He has been in ICE custody since May 20, 2025—over 15 months. ECF No. 7-1, at 3. Ganthier submitted his notice of appeal to the BIA on November 6, 2025 and, according to respondents as of July 6, 2026, that appeal remains pending. *Id.* at 4. According to the BIA's online case information system, the appeal is still pending. United States Department of Justice, *Automated Case Information* (last visited September 10, 2026) https://acis.eoir.justice.gov/en/caseInformation (enter "038-755-111" into "A-Number" and select "Haiti" from the dropdown menu, then hit "submit"). Ganthier's brief in support of his appeal was received on July 6, 2026, while the Department of Homeland Security has not submitted a brief and the time to do so has expired. *Id.* Removal proceedings remain ongoing as long as the appeal remains pending. *See* 8 U.S.C. § 1101(a)(47). Accordingly, as the BIA has only just received briefing from Ganthier and it may take months for the BIA to make a decision,[1] the anticipated

---

[1] There are, as of July 2026, nearly 300,000 cases pending before the BIA—a body which for the last five years has on average "completed" only around 35,000 appeals per year. EOIR, *Adjudication Statistics: All Appeals Filed, Completed, and Pending* (last visited August 31, 2026) https://www.justice.gov/eoir/media/1344986/dl?inline. The number of appeals filed in 2026 alone, as of July, is nearly four times that in 2016 and is the highest in the last 10 years. *Id.* In light of this and the recent restructuring of the BIA, including a significant force reduction, *see* Ximena Bustillo & Rahul Mukherjee, *An immigration court few have heard of is quietly shaping policy behind the scenes*, NPR (Mar. 20, 2026, 5:00 AM), https://www.npr.org/2026/03/20/nx-s1-5707535/trump-immigration-detention-appeals-board-deportation, it is safe to say there is no end

time to completion of the removal proceedings is unknown.

The second factor weighs in neither party's favor. Ganthier's original sentence for his 2023 conviction was five years, four of which was suspended, resulting in an active sentence of one year.[2] *Commonwealth v. Ganthier*, No. CR2200074900 (Va. Cir. Ct. Aug. 15, 2023). Ganthier has spent 15 months in ICE custody, ECF No. 7-1, at 3, which is not significantly longer than his term of incarceration for his conviction, *see, e.g., Sonko v. Bondi*, No. 2:24cv656, 2025 WL 1662749, at *4 (E.D. Va. June 12, 2025) (determining that this factor weighed against the petitioner in light of his 80 month criminal sentence and 27 month civil detention); *Abreu v. Crawford*, No. 1:24cv1782, 2025 WL 51475, at *6 (E.D. Va. Jan 8, 2025) (holding that a criminal sentence roughly equal to civil detention weighed in no party's favor); *Portillo,* 322 F. Supp. 3d at 708 (finding the second factor weighed in the alien's favor when he only served 1 month for his criminal conviction compared to 14 months of ICE detention).

The third and fourth factors similarly weigh in no party's favor as there is no evidence of dilatory tactics or errors extending the proceedings. Finally, the respondents' success in removing Ganthier, considering his conviction, seems likely, thus tipping this factor in respondents' favor.

Though the balance of the factors seems equal, this Court has consistently held that the first factor carries more weight. *See Portillo*, 322 F. Supp. 3d at 707; *Sonko*, 2025 WL 1662749, at *3. In light of this, the Court finds that due process requires respondents to provide Ganthier with an individualized, constitutionally compliant bond hearing. At such time, Ganthier "must demonstrate to the satisfaction of the officer that such release would not pose a danger to property

in sight for Ganthier's appeal.

[2] Ganthier represents that he spent 13 months and 4 days in custody due to this conviction. ECF No. 12, at 3.

or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8); *Sonko*, 2025 WL 1662749, at *5–6; *Songlin v. Crawford*, No. 3:19cv895, 2020 WL 5240580, at *8 (E.D. Va. Sept. 2, 2020).

## IV. RECOMMENDATION

For all these reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **GRANTED in part** and **DENIED in part**, and an order outlining the following be entered:

- Ganthier should be provided with a constitutionally-adequate bond hearing by an Immigration Judge pursuant to the standard set forth above within 14 days of entry of the final order;[3]
- in the event Ganthier is released on bond by an Immigration Judge, respondents should be enjoined from rearresting Ganthier, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, or (3) he is subject to detention pursuant to a final order of removal;
- Respondents should be required to file a status report on the status of Ganthier's bond hearing within three days of the bond hearing. The status report will detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial; and
- The portion of the order entered June 29, 2026, ECF No. 5, directing that petitioner is not to be removed from this district without this Court's permission should be vacated.

[3] This is intended to ensure Ganthier has adequate time to receive this order and the notice of his hearing date sufficiently in advance of the hearing to permit him to prepare and present evidence to the immigration judge.

To the extent that the petition seeks immediate release, the petition should be **DENIED**.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ RJK

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
September 10, 2026

**<u>Clerk's Mailing Certificate</u>**

A copy of the foregoing was provided electronically to counsel for respondents and was mailed this date to:

Hundel Ganthier
A# 038755111
Farmville Detention Center
P.O. Nox N
Farmville, VA 23901

Laura Griffin, Clerk

By J.L. Meyers
Deputy Clerk

September 10, 2026